**Tyrone BAKER, Petitioner–Appellant,**

**v.**

**Walter MCNEIL, Respondent–Appellee.**

**No. 09–14438**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 26, 2010.

Tyrone Baker, Bonifay, FL, pro se.

Christine Ann Guard, State of Florida, Office of the Atty Gen., Tallahassee, FL, for Respondent–Appellee.

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Appellant Tyrone Baker, a Florida state prisoner proceeding *pro se,* appeals the district court's order dismissing his habeas corpus petition, brought under 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996). The district court issued a certificate of appealability ("COA") on the following issue: "whether a state-court motion for discretionary sentence reduction is an 'application for State post-conviction or other collateral review with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2)." On appeal, Baker argues that instead of applying *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291 (11th Cir.2008), which held that a Florida Rule of Criminal Procedure 3.800(c) ("Rule 3.800(c)") motion is not a tolling motion, we should apply the contrary holding from *Robinson v. Golder,* 443 F.3d 718, 720–21 (10th Cir.2006), in which the Tenth Circuit held that a motion for a sentence reduction was a tolling mo-

tion. He also argues that the holding in *Alexander* is unconstitutional.

"We review *de novo* a district court's determination that a habeas petition is time-barred." *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir.2006). Because Baker is proceeding *pro se*, his argument is "entitled to liberal construction." *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir.2000). However, appellate review is limited by the scope of the COA. *Murray v. United States*, 145 F.3d 1249, 1250–51 (11th Cir.1998).

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of one of four events, including the date on which the judgment became final. *Id.* "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). To qualify as an "application for State post-conviction or other collateral review," a pleading must actually seek "review" by making a good faith request for legal relief from the court. *Sibley v. Culliver*, 377 F.3d 1196, 1200–01 (11th Cir.2004).

Rule 3.800(c) states that "[a] court may reduce or modify . . . a legal sentence imposed by it." Fla.R.Crim.P. 3.800(c). "While Rule 3.800(c) does not enumerate any basis for which a petitioner may seek to reduce or modify his sentence, it presupposes that the sentence the court is being asked to reduce or modify is 'a legal sentence.'" *Alexander*, 523 F.3d at 1295. A panel of this Court has previously held that a Rule 3.800(c) motion is not a tolling motion under § 2244(d)(2). *Id.* at 1297–98. In this Circuit, a panel is bound by a prior panel decision even if it is convinced that the prior decision is wrong. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th

Cir.1998) (*en banc*). We must follow that prior panel decision until such time as it is overruled by either this Court sitting *en banc* or the U.S. Supreme Court. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

In *Alexander*, the panel noted that a Rule 3.800(c) motion "assumes that the sentence sought to be modified or reduced is legal and functions effectively as a procedure for a petitioner to request leniency from the sentencing court based on mitigating circumstances." 523 F.3d at 1295. A tolling motion must contain some form of legal analysis. *Id.* at 1297. Therefore, relying on other circuit's language, we conclude that a Rule 3.800(c) motion that was only a plea for leniency, but not an attack on the constitutionality or legal correctness of a sentence, was not a tolling motion. *Id.* at 1297–99. We later clarified that a state court motion is not a tolling motion unless it attacks the legality of the underlying sentence or conviction. *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008).

Here, Baker is only arguing that the Tenth Circuit's contrary holding in *Robinson* is a better rule than the one we adopted in *Alexander*. However, because *Alexander*'s holding is directly on point, this Court is bound to apply *Alexander*. *See Cargill*, 120 F.3d at 1386. Therefore, Baker's Rule 3.800(c) motions were not tolling motions under § 2244(d)(2). *See Alexander*, 523 F.3d at 1297–99. Furthermore, we reject Baker's argument that the *Alexander* holding is unconstitutional. Accordingly, after review of the parties' briefs and consideration of the record, we affirm the district court's order denying habeas relief.

**AFFIRMED.**